IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSCH SECURITY SYSTEMS, INC. and<br>TYCO INTEGRATED SECURITY LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>CRIMINAL ACTIVITY SURVEILLANCE,<br>LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Bosch Security Systems Inc. ("Bosch") and Tyco Integrated Security LLC ("Tyco"), upon knowledge as to their own acts and upon information and belief as to the acts of others, by and through their undersigned attorneys, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for a declaratory judgment of invalidity, noninfringement and unenforceability of U.S. Patent No. RE42,690 (the "'690 patent"), which is a reissue of U.S. Patent No. 6,028,626 (the "'626 patent"). A copy of the '690 patent is attached as Exhibit A.

2. Plaintiff Bosch is a New York corporation with a place of business at 850 Greenfield Road, Lancaster, Pennsylvania 17601.

3. Plaintiff Tyco is a Delaware corporation with its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

4. On information and belief, defendant Criminal Activity Surveillance, LLC ("CAS") is a Delaware limited liability company with a place of business at 6136 Frisco Square Boulevard, Frisco, Texas 75034.

5. On September 15, 2011, CAS filed a complaint for patent infringement against Bosch and Tyco in the U.S. District Court of the Eastern District of Texas, in a case captioned as Case No. 6:11-cv-00494-LED (the "Texas case").[1]

6. CAS alleged in its complaint in the Texas case that CAS is an exclusive licensee with "all substantial rights" under the '690 patent.

7. CAS alleged in its complaint in the Texas case that Bosch has infringed and is infringing the '690 patent by virtue of Bosch's sale of products that include Bosch's IVA (Intelligent Video Analysis) software.

8. CAS alleged in its complaint in the Texas case that Tyco has infringed and is infringing the '690 patent by virtue of Tyco's sale of products that include Bosch's IVA software.

9. CAS alleged in its infringement contentions in the Texas case and continues to allege that Bosch and Tyco have infringed and are infringing the '690 patent.

10. Bosch and Tyco has each denied and continue to deny in the Texas case that it has infringed or is infringing the '690 patent, and each has alleged and continues to allege in the Texas case that the '690 patent is invalid and unenforceable.

11. The U.S. District Court for the Eastern District of Texas lacks subject matter jurisdiction over the Texas case because CAS did not have standing to sue for infringement of the '690 patent at the time it filed its complaint. CAS has alleged that it has since acquired sufficient rights to confer standing to sue for infringement of the '690 patent.

12. Accordingly, there is an actual and justiciable controversy between CAS and Bosch and Tyco with respect to the validity, infringement and enforceability of the '690 patent,

---

[1] At the time CAS filed its complaint in the Texas case, Tyco was known as ADT Security Services, Inc.

of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

13. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

14. This Court has personal jurisdiction over CAS because CAS is incorporated in Delaware.

15. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

**FIRST CLAIM –
DECLARATORY JUDGMENT OF NONINFRINGEMENT**

16. Bosch and Tyco have not infringed and are not infringing, either directly, contributorily or by inducement, any claim of the '690 patent, either literally or under the doctrine of equivalents.

17. Without limiting the generality of the foregoing and by way of example only, products sold in the United States that include the accused Bosch IVA software do not meet, either literally or under the doctrine of equivalents, at least the following claim elements of the '690 patent: (a) "sampling a relative movement … of the individual with respect to a moved, movable or moving object"; (b) "electronically comparing the sampled relative movement of the individual with known characteristics of movements that area indicative of an individual having criminal intent"; (c) "determining a level of criminal intent of the individual based on the compared sampled movement of the individual"; and (d) generating a signal indicating that a predetermined level of criminal intent is present if the determined level of criminal intent of the individual establishes that the predetermined level of criminal intent is present."

18. Without limiting the generality of the foregoing and by way of example only, prosecution history estoppel limits equivalents for several claim elements of the '690 patent,

including by way of example only, "sampling a relative movement … of the individual with respect to a moved, movable or moving object."

19. Without limiting the generality of the foregoing and by way of example only, neither Bosch nor Tyco induces anyone to infringe the '690 patent.

20. Without limiting the generality of the foregoing and by way of example only, neither Bosch nor Tyco is a contributory infringer of the '690, including by way of example only, because products sold in the United States that include the accused Bosch IVA software have substantial noninfringing uses.

## SECOND CLAIM –
## DECLARATORY JUDGMENT OF INVALIDITY

21. Each claim of the '690 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and/or 251, and/or the rules, regulations, laws, and decisions pertaining thereto.

22. Without limiting the generality of the foregoing and by way of example only, the claims of the '690 patent are invalid for the reasons set forth in Bosch and Tyco's preliminary invalidity contentions, which were served on CAS in the Texas case on July 18, 2012.  A copy of Bosch and Tyco's preliminary invalidity contentions (including Appendix A thereto) is attached as Exhibit B.

## THIRD CLAIM –
## DECLARATORY JUDGMENT OF UNENFORCEABILITY
## DUE TO PROSECUTION LACHES

23. The '690 patent is unenforceable under the doctrine of prosecution laches.

24. Without limiting the generality of the foregoing and by way of example only, prosecution laches applies because the applicant unreasonably delayed in seeking to reissue the

patent until May 14, 2009, more than nine years after the '626 patent issued on February 22, 2000.

## PRAYER FOR RELIEF

Bosch and Tyco request that the Court enter judgment in favor of Bosch and Tyco and against CAS as follows:

(a) Declaring that Bosch and Tyco have not infringed and are not infringing any claim of the '690 patent;

(b) Declaring that the claims of the '690 patent are invalid;

(c) Declaring that the '690 patent is unenforceable;

(d) Awarding Bosch and Tyco their costs pursuant to Federal Rule of Civil Procedure 54;

(e) Finding the case exceptional and awarding Bosch and Tyco their attorneys fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent powers; and

(f) Granting Bosch and Tyco such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bosch and Tyco demand a trial by jury of all issues so triable.

| | |
|---|---|
| OF COUNSEL:<br>Mark A. Chapman<br>Mark A. Hannemann<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004<br>(212) 908-6308<br>*Attorneys for Plaintiff Bosch Security Systems, Inc.*<br><br>Mark L. Levine<br>Allison Freedman<br>BARTLIT BECK HERMAN PALENCHAR<br>  & SCOTT LLP<br>Courthouse Plaza<br>54 West Hubbard Street, Suite 300<br>Chicago, IL 60654<br>(312) 494-4400<br>*Attorneys for Plaintiff Tyco Integrated Security LLC*<br><br>Dated: February 22, 2013 | Respectfully submitted,<br><br>*/s/ Karen E. Keller*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>SHAW KELLER LLP<br>300 Delaware Ave., Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>*Attorneys for Plaintiffs Bosch Security Systems, Inc. and Tyco Integrated Security LLC* |